UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DE SANTOS, et al.,<br><br>Defendants. | No. 2:18-cv-2156 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In addition to the complaint, plaintiff has also filed a motion to proceed in forma pauperis. (ECF No. 2.)

In this case, plaintiff names Kings County Superior Court Judges and court staff as defendants. (ECF No. 1 at 2.) However, it appears plaintiff is challenging the fact or duration of his confinement at San Quentin State Prison pursuant to a capital murder conviction. (ECF No. 1 at 3.) Plaintiff was convicted in Alameda County, which is in the Northern District of California. People v. Bonilla, 41 Cal. 4th 313 (2007).

To the extent plaintiff is raising claims which would be cognizable in a habeas corpus action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In this case, because the county of conviction is located within the boundaries of the

Northern District of California and because the place of incarceration is also located in the Northern District of California, that court is the proper venue to hear the matter under § 2254.

To the extent the action is construed as a civil rights complaint under 42 U.S.C. § 1983, the federal venue statute requires that the action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). Here, to the extent plaintiff is challenging the conditions of his confinement at San Quentin State Prison, the claim(s) arose in Marin County, which is within the boundaries of the United States District Court for the Northern District of California. Therefore, plaintiff's claims should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: March 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/boni2156.trans

2